UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 14-143(DWF/HB) |
| Plaintiff, | |
| v. | **ORDER AND MEMORANDUM REGARDING PRO SE MOTION FOR REDUCTION OF SENTENCE UNDER TITLE 18 § 3582(C)(2)** |
| Juan Medina-Pacheco, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court upon Defendant Juan Medina-Pacheco's ("Defendant") *Pro Se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. [46]).  The Defendant has filed a *pro se* motion seeking reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), asserting that Amendment 782 entitles him to a decrease in his offense level and, therefore, a sentence reduction consistent with the decrease.  The Government opposes the Defendant's *pro se* motion, asserting that the Amendment did not change the applicable guideline calculations and also that at the time of sentencing the Government moved for a two-level downward variance in anticipation of Amendment 782 on the condition that the Defendant agreed on the record not to seek a further reduced sentence pursuant to 18 U.S.C. § 3582(c)(2).

**BACKGROUND**

On May 12, 2014, the Defendant was indicted in the District of Minnesota on a two-count Indictment charging him with federal drug trafficking offenses involving heroin. (Doc. No. 17.) On June 19, 2014, the Defendant appeared before the Court and pled guilty to Count 1 of the Indictment that charged him with conspiring to possess, with the intent to distribute, heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846. (Doc. No. 37.) Significantly, pursuant to the Plea Agreement, the parties stipulated that although the Defendant's base offense level was 30, the United States agreed to recommend a two-level variance in anticipation of Amendment 782 provided the Defendant "will not seek a further reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) in the event the two-level reduction currently proposed to the United States Sentencing Commission is adopted and made retroactive." *See* Plea Agreement and Sentencing Stipulations, ¶ 6(f).

The Court ordered a Presentence Investigation Report ("PSR") and the United States Probation and Pretrial Services Office prepared the PSR. The PSR determined that the Defendant was accountable for at least 700 grams but less than one kilogram of heroin, resulting in a base offense level of 30. *See* PSR, ¶ 33. The PSR recommended a three-level guideline reduction pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility. *See* PSR, ¶¶ 40-41. Accordingly, based upon a total offense level of 30 and a criminal history category I, the PSR determined that the Defendant's advisory guideline range of imprisonment was 70-87 months. *See* PSR, ¶ 66. The PSR further stated that the "Government believes a 2-level variance may be warranted due to

the 2014 policy of the Department of Justice concerning reduction of offense levels for drug defendants." *See* PSR, ¶ 69.

Consequently, on November 12, 2014, the Defendant appeared before this Court for sentencing. At that time, the Government moved for a two-level downward variance in anticipation of Amendment 782 "conditioned upon the Defendant's agreement not to seek an additional variance now that the U.S. Sentencing guidelines drug quantity table has changed." *See* Doc. No. 50, Sentencing Transcript ("ST.") at 11. Defense counsel agreed on the record and the Court granted the 2-level downward variance. The Court, with a total adjusted offense level of 25 and a criminal history category I, determined that by granting the Government's motion for a two-level downward variance, the Defendant's advisory guideline range of imprisonment became 57-71 months. *See* ST. at 11. However, the Court sentenced the Defendant to 42 months imprisonment with a three-year term of supervised release to follow. The Court's 42-month sentence constituted an additional 15-month downward variance from the advisory guideline range of imprisonment pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a). *Id.*

On or about September 28, 2015, the Defendant filed the instant *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), based upon Amendment 782 to the Sentencing Guidelines. (Doc. No. 46.) The Court concludes, as the Government has asserted, that Amendment 782 did not change the guideline calculation that applied to the Defendant, which the Court will explain below. Moreover, of some concern to the Court is the fact that the Defendant, even though he did file on a *pro se* basis, has ignored his agreement not to seek an additional reduction in his sentence, which the Defendant has

indeed now done despite the two-level downward variance by the Government and an additional variance by this Court.

## DISCUSSION

Pursuant to 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 3582(c)(2) requires that a district court initially determine whether a defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(c)." In this case, as asserted by the Government, Amendment 782 did not reduce the base offense level in cases where a defendant was held accountable for at least 700 grams, but less than one kilogram of heroin, given the Government's motion for a two-level downward variance in anticipation of Amendment 782. The Defendant's base offense level involved a determination that he was accountable for at least 700 grams, but less than one kilogram of heroin, as noted, resulting in a base offense level 30. At the time of sentencing, however, the Government moved pursuant to the parties' Plea Agreement for a two-level downward variance in anticipation of Amendment 782 on the condition that the Defendant agreed on the record not to seek a further reduced sentence pursuant to 18 U.S.C. § 3582(c)(2). The Court granted the Government's motion and determined a

lower base offense level of 28. This drug quantity determination-variance subjected the Defendant to a base offense level of 28 on the drug quantity table, both before and after the enactment of Amended 782. As pointed out by the Government and noted above, in exchange for the Government's motion for a two-level downward variance at sentencing, the Defendant agreed not to seek a further reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782. The Court is troubled by the Defendant's *pro se* motion because, at the time of sentencing, the Court granted an additional 15-month downward variance from the advisory guideline range of imprisonment pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a), and, in so doing, imposed a sentence of 42 months imprisonment, which falls below the reduced guideline range under Amendment 782.

Based upon the presentations of the parties, the Court having reviewed the contents of the file, including its procedural history, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. For the reasons stated above, Defendant Juan Medina-Pacheco's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. [46]) is respectfully **DENIED**.

Dated:  February 9, 2016          s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge